1

2 ** E-Filed 5-5-11**

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10 **SAN JOSE DIVISION**

11

12 ROSIE LUCIW,                                Case No. 5:10-cv-5969-JF (HRL)

13                    Plaintiff,              **ORDER[1] GRANTING MOTION TO DISMISS**

14         v.

15                                            [Docket No. 12]

16 BANK OF AMERICA, N.A.; BAC HOME
   LOANS SERVICING, LP; U.S. BANK, N.A. as
17 Trustee, for the Certificateholders of Banc of
   America Funding Corporation, Mortgage Pass-
18 Through Certificates, series 2007-B; and DOES 1-
   100, inclusive,
19
                       Defendants.
20

21

22         Defendants Bank of America, N.A. ("BANA") and BAC Home Loans Servicing, LP

23 ("BACHLS"), and U.S. Bank, N.A.  (collectively, "Defendants") move pursuant to Fed. R. Civ.

24 Pro. 12(b)(6) to dismiss Plaintiff's first amended complaint for failure to state a claim upon

25 which relief may be granted.  Plaintiff Rosie Luciw ("Plaintiff") opposes the motion.  For the

26 reasons discussed below, the motion will be granted, with leave to amend.

27

28         [1] This disposition is not designated for publication in the official reports.

# I. BACKGROUND

Plaintiff filed her original complaint on October 26, 2010, in the Santa Clara Superior Court. Defendants subsequently removed the action to this Court and moved to dismiss all of Plaintiff's claims.[2] In response, Plaintiff voluntarily filed her first amended complaint (FAC) on January 6, 2011. The FAC asserts four claims including: (1) negligence per se (violation of Cal. Civil Code §§ 2923.5 and 2924); (2) negligence per se (violation of Cal. Civil. Code §§ 2924 and 2934a(d))[3]; (3) fraud; and (4) violation of Bus. & Prof. Code § 17200, *et seq.* ("UCL").

## A. Facts

On January 12, 2007, Plaintiff applied for a refinance loan secured by real property located at 4045 Hidden Valley Lane, San Jose, California 95127.[4] (FAC ¶ 12.) "Plaintiff entered into a first Deed of Trust securing the sum of $680,000.00 based on a 30-year adjustable rate mortgage with BOA as the lender." (FAC ¶ 13.) Plaintiff defaulted on the loan in mid-2009. (FAC ¶ 14.)

On September 18, 2009, NDEx West, LLC ("NDEx") recorded a Notice of Default ("NOD") on the property. (FAC ¶ 16.) Attached to the notice of default is a declaration signed by an individual named William Brady, who declares under the penalty of perjury that he "contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." (FAC, Ex. 4.) On January 20, 2010, NDEx recorded a Notice of Trustee's Sale ("NOS"); a second NOS was recorded by NDEx on October 13, 2010. (FAC

---

[2]The instant action is related to *Luciw v. Bank of America*, Case No. 10-CV-2779-JF. On February 15, 2010, the Court granted Defendants' motion to dismiss that action, with leave to amend. Plaintiff failed to amend and instead voluntarily dismissed the related action on February 25, 2011. An order of dismissal was entered on March 10, 2011.

[3]Plaintiff concedes in her opposition papers that "she has not pled sufficient facts to state a claim for negligence per se (violation of §§ 2924 and 2934a(d))." (Pl.'s Opp. 1:28-2:1.) As a result, only three operative claims remain (claims one, three & four).

[4]The property at issue in the related case is located at 4040 Hidden Valley Lane, San Jose, California 95127.

2

¶¶ 21-22.)  The sale was set to occur on November 4, 2010.[5]

Plaintiff alleges that no representative from either BANA, BACHLS, or U.S. Bank contacted her in writing or by telephone to "discuss her financial status and explore her alternatives to foreclosure prior to recording the NOD as required by Civil Code §2923.5." (FAC ¶ 18.)  Plaintiff claims that she was "available at all times to discuss her financial status and alternatives to foreclosure."  (FAC ¶ 19.)  She further alleges, based on information and belief, that the "Declaration . . . attached to the NOD is fraudulent in that it states that BAC has contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."  (FAC ¶ 17 (internal quotations omitted).)  In support of this allegation, Plaintiff points out that "Bank of America Corporation recently acknowledged similar flaws in their foreclosure procedures and halted foreclosures nationwide."  (FAC ¶ 20; *see also* Ex.'s 5 and 6.)  The flaws that Plaintiff cites are related to the "robo-signer" practice allegedly utilized by a number of the nation's banks.[6]

## II.  LEGAL STANDARD

Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

[5]On December 6, 2010, the Santa Clara Superior Court "issued a Preliminary Injunction preventing the sale of the [s]ubject [p]roperty pending a trial on the merits . . ." (Pl.'s Opp., 2:13-15.)

[6]The "robo-signer" scandal involves an alleged practice by a number of banks whereby bank agents sign hundreds of foreclosure documents each day without reviewing the contents of those documents.  (*See* FAC, Ex.'s 5 & 6.)  Whether the declaration at issue here was "robo-signed" is unknown, nor does Plaintiff allege that as a fact.

Case No. 10-CV-5969-JF (HRL)
ORDER GRANTING MOTION TO DISMISS
(JFEX2)

1  defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

2  (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).  Thus, a court need not

3  accept as true conclusory allegations, unreasonable inferences, legal characterizations, or

4  unwarranted deductions of fact contained in the complaint.  *Clegg v. Cult Awareness Network*,

5  18 F.3d 752, 754-755 (9th Cir. 1994).  If a complaint lacks facial plausibility, leave to amend

6  must be granted unless it is clear that the complaint's deficiencies cannot be cured by

7  amendment.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  When amendment

8  would be futile, however, dismissal may be ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d

9  386, 393 (9th Cir. 1996).

10  ### III.  DISCUSSION

11  **A.  Whether Plaintiff has a Cognizable Claim for Violation of Cal. Civ. Code §§**

12  **2923.5 & 2924**

13  Cal. Civ. Code §2923.5 imposes substantive obligations on a lender that seeks to initiate

14  judicial foreclosure proceedings.  Cal. Civ. Code §2923.5(a)(1) provides that:

15  > [a] mortgagee, trustee, beneficiary, or authorized agent **may not** file a notice of default
16  > pursuant to Section 2924 until 30 days after initial contact is made as required by
    > paragraph (2) or 30 days after satisfying the due diligence requirements as described in
17  > subdivision (g).

18  Cal. Civ. Code §2923.5(a)(1) (emphasis added).  And Cal. Civ. Code §2923.5(a)(2) provides

    that:

19  > [a] mortgagee, beneficiary, or authorized agent **shall** contact the borrower in person or
20  > by telephone in order to assess the borrower's financial situation and explore options for
    > the borrower to avoid foreclosure . . . .

21  Cal. Civ. Code §2923.5(a)(2) (emphasis added).

22  Defendants attack Plaintiff's first claim on three separate grounds.  First, they point out

23  that Plaintiff does not allege tender.  Plaintiff argues in her opposition papers that tender is

24  irrelevant because she is challenging the process preceding the trustee's sale rather than the sale

25  itself.  Plaintiff relies upon *Mabry v. Superior Court* 185 Cal. App. 4th 208, 224 (2010), in

26  which the court held that tender is not a pre-requisite for a claim based upon violation of

27  §2923.5 and that it would "thwart the very operation of the statute if enforcement were

28

4

predicated on full tender." *Mabry*, 185 Cal. App. 4th at 224.  This Court agrees, and Defendants tacitly acknowledge that Plaintiff's position is correct because their reply brief fails to distinguish *Mabry* or question its reasoning.

Second, Defendants contend that Plaintiff fails to plead a duty of care.  They point out that "[n]egligence per se is not an independent cause of action, and cannot be maintained '*in the absence of an underlying negligence action*." (Mot. to Dismiss, 12-14 (emphasis in original) (citing *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1286 (2006)).  "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." (*Id*. at 5:15-17 (citing *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991)).  Defendants claim that a duty of care cannot be established here because "the lender [did not] actively participate[] in the financed enterprise beyond the domain of the usual money lender." (*Id*. at 5:18-19 (citing *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980)).  They argue that because Plaintiff does not allege that they acted outside the role of a conventional money lender, she cannot state a claim for negligence.  (*See Id*. at 5:23-26.)

Plaintiff counters that whether or not a lender owes an individual a duty of care when entering into a loan is irrelevant here because a distinct duty of care arises during the foreclosure process pursuant to §2923.5.  (Pl.'s Opp. 5:28-6:7.)  At least one California appellate court has held that §2923.5 creates an "individual right," (*Mabry v. Superior Court*, 185 Cal. App. 4th 208, 224 (2010)), and imposes a "substantive obligation" on lenders.  *Id*. at 209.  In their reply, Defendants point out that the doctrine of negligence per se is merely an evidentiary presumption, and that "Plaintiff's first cause of action fails for the simple reason that it is not a proper cause of action." (Def's Reply, 1:21-28.)  While Defendants are correct in a literal sense, (*See Spates v. Dameron Hosp. Assn.* 114 Cal. App. 4th 208, 218 (2003)),[7] Plaintiff easily can amend her

---

[7] Pursuant to Cal. Ev. Code §669, the evidentiary presumption applies if a person: (1) violates a statute; (2) the violation proximately caused injury to property; (3) the injury resulted from an occurrence of the nature which the statute was designed to prevent; and (4) the person suffering the injury to his property was one of the class of person for whose protection the statute was adopted. Cal. Ev. Code §669.  This presumption is rebuttable. *See* Cal. Ev. Code §669(b).

pleading to state a claim for simple negligence based upon the duty of care created by §2923.5.[8]

Finally, Defendants assert that Plaintiff lacks standing.  For §2923.5 to apply, a "mortgage[] or deed of trust [must be] recorded from January 1, 2003, to December 31, 2007, inclusive . . .," and that mortgage or deed of trust must be "secured by *owner-occupied* residential property containing no more than four dwelling units."  Cal. Civ. Code §2923.5(i) (emphasis added).  "For purposes of this subdivision, 'owner occupied' means that the residence is the principal residence of the borrower as indicated to the lender in loan documents."  *Id.* Here, both the deed of trust and Plaintiff's loan application identify 4045 Hidden Valley Lane as Plaintiff's primary residence.  (Pl.'s Opp., 6:13-17 (citing FAC ¶ 25, Ex. 5).  Defendants point out that in the related case Plaintiff claimed that 4040 Hidden Valley Lane is her "current residence."  (Def.'s Reply, 2:1-11.)  Defendants argue that the "Court should not allow Plaintiff to abuse judicial authority by allowing her to stake out incompatible factual positions.  Because §2923.5 was specifically designed to protect only principal dwelling places, Plaintiff should be estopped from asserting her §2923.5 claim here."  (*Id.* at 2:12-15.)  The statute is clear, however, that the address listed on the loan documents is considered the "principal residence" and that location is deemed "owner-occupied."  This is sufficient for pleadings purposes.

**B. Whether Plaintiff has Stated a Claim for Common Law Fraud**

**1. Rule 9(b) standard**

Under Fed. R. Civ. Pro. 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  However, intent, knowledge, and other conditions of the mind may be averred generally.  Fed. R. Civ. Pro. 9(b).  A complaint meets this standard if it alleges "'the time, place, and content of the alleged fraudulent misrepresentation or omission; the identity of the person engaged in the fraud; and the

---

[8]Notably, in *Mabry*, the court stated explicitly that "the plain language of §2923.5, read in conjunction with §2924g, [makes clear] the *only* remedy provided is a postponement of the sale before it happens."  *Mabry*, 185 Cal. App. 4th at 235 (emphasis in original).  Thus, §2923.5 does not obligate the lender to modify the terms of the loan.  *Id.*  Also, if the trustee's sale has already occurred then a subsequent finding that the lender violated §2923.5 does not void the title or void the sale.  *Id.*

6

1    circumstances indicating falseness' or 'the manner in which [the] representations [or omissions]

2    were false and misleading.'" *Genna v. Digital Link Corp.*, 25 F.Supp.2d 1038 (N.D. Cal. 1997)

3    (brackets in original) (quoting *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1547-58 n.7 (9th Cir.

4    1994)).  Conclusory allegations that a defendant's conduct was fraudulent are insufficient.  *In re*

5    *Worlds of Wonder Securities Litigation*, 694 F. Supp. 1427, 1432 (N.D. Cal. 1988).

6                            **2.  Common law fraud**

7         Defendants contend that Plaintiff's fraud claim is not pled with adequate particularity.

8    The elements of a viable claim for fraud under California law, are: (1) a misrepresentation; (2)

9    knowledge of falsity (or scienter); (3) intent to defraud, i.e. to induce reliance; (4) justifiable

10   reliance; and (5) resulting damage.  *Lazar v. Superior Ct.*, 12 Cal.4th 631, 638 (1996).

11   Generally, fraud allegations may not be based solely on information and belief. *McFarland v.*

12   *Memorex Corp.*, 493 F.Supp. 631, 638-39 (N.D. Cal. 1980).  This general rule may be relaxed

13   when facts are peculiarly within the knowledge of the other party. *Fong v. U.S.*, 300 F.2d 400,

14   409 (9th Cir. 1962) (holding that plaintiff's allegations were sufficiently plead because they

15   stated facts primarily within the defendant's knowledge); *see also Russell v. Epic Healthcare*

16   *Mngmt. Group*, 193 F.3d 304, 308 (5th Cir. 1999) (finding the 9(b) standard may be relaxed

17   when facts "relating to the alleged fraud are peculiarly within the perpetrator's knowledge . . .

18   ."). Even under a more relaxed standard, a plaintiff "must still set forth the factual basis for his

19   belief," and mere speculation and conclusory allegations are insufficient to state a claim.

20   *Russell*, 193 F.3d at 308.

21        Plaintiff states conclusorily and with no factual support that BANA and BACHLS had

22   knowledge of false statements made through its agent with respect to whether she was contacted

23   prior to the recording of the NOD.  (FAC ¶¶ 41-42.)  Plaintiff claims these misrepresentations

24   were material and induced reliance to the extent that Plaintiff believed "that the NOD was valid

25   and she was required to tender the entire amount of past due payments, $79,307.34, to reinstate

26   their loan." (FAC ¶ 44.)  "As a result, Plaintiff did not make any additional payments and her

27   arrearages [sic] added up, further decreasing the likelihood that she would be able to retain the

28   [s]ubject [p]roperty." (*Id.*)  Plaintiff ultimately claims that the fraud has harmed her by

                                          7

1  degrading her creditworthiness, causing the loss of her property; and causing her to suffer

2  additional economic damages.  Plaintiff must provide significantly more factual detail to permit

3  the Court to make a reasoned evaluation as to the plausibility of her claim.

4  **C.  UCL Claim**

5  The UCL prohibits any "unlawful, unfair or fraudulent business practices."  *Cel-Tech*

6  *Commc'ns, Inc. v Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).  Because the

7  statute is written in the disjunctive, it applies separately to business practices that are (1)

8  unlawful, (2) unfair, or (3) fraudulent.  *See Pastoria v. Nationwide Ins.*, 112 Cal. App. 4th 1490,

9  1496 (2003).  To state a claim under the "fraudulent" prong of the UCL, a plaintiff must allege

10 that the challenged practice is likely to deceive members of the public.  *Bardin v.*

11 *Daimlerchrysler Corp.*, 136 Cal.App. 4th 1255, 1274 (2006).  To support liability under the

12 "unfair" prong, the conduct must either "offend[ ] an established public policy or [be] immoral,

13 unethical, oppressive, unscrupulous, or substantially injurious to consumers" or be "tethered to

14 specific constitutional, statutory or regulatory provisions."  *Id*. at 1268.  A violation of the

15 "unlawful" prong of the UCL may be established by a variety of unlawful acts, including those

16 practices prohibited by law, whether "civil or criminal, federal, state, [ ] municipal, statutory,

17 regulatory, or court made."  Because Plaintiff so far has failed to state a viable claim for fraud,

18 or any other actionable wrongdoing, the UCL claim in its present form also is subject to

19 dismissal

20 **D.  Defendants' Motion to Strike Punitive Damages**

21 The Court will defer consideration of Defendants' motion to strike Plaintiff's prayer for

22 punitive damages until Plaintiff has had an opportunity to amend her pleading.

23 **IV.  CONCLUSION**

24 Pursuant to the foregoing discussion, Defendants' motion to dismiss Plaintiff's first

25 amended complaint will be GRANTED, with leave to amend.  Any amended pleading shall be

26 filed within twenty (20) days of the date of this order.

27

28

8

1

2
IT IS SO ORDERED.

3

4
DATED:   May 05, 2011

5
_____
JEREMY FOGEL
United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9